UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

ELON MUSK, et al.,

    Defendants.

CASE NO. 2:24-CV-1581-RSL-DWC

AMENDED REPORT AND RECOMMENDATION[1]

Noting Date: November 12, 2024

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1; *see also* Dkt. 2. As discussed below, the Court finds the proposed complaint should be dismissed without prejudice and the IFP application should be denied.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-

---

[1] This Report and Recommendation replaces and supersedes the previously filed Report and Recommendation (Dkt. 5).

AMENDED REPORT AND RECOMMENDATION0F - 1

filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. In the proposed complaint, Plaintiff alleges more than 150 defendants breached contracts, attempted to purchase stock in Plaintiff's company without contacting Plaintiff's power of attorney, and "cornered the marketplace to Plaintiff's detriment." Dkt. 1-1. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It also is patently frivolous. Furthermore, Plaintiff did not submit the separate affidavit that the 1992 Bar Order requires.

Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-1) be dismissed without prejudice, the IFP application be denied (Dkt. 1), and this case be closed.

1  Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this
3  Report and Recommendation is signed. Failure to file objections within the specified time may
4  affect your right to appeal. Objections should be noted for consideration on the District Judge's
5  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
6  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
7  ready for consideration by the District Judge on **November 12, 2024**.
8  Dated this 21st day of October, 2024.

David W. Christel
United States Magistrate Judge

AMENDED REPORT AND RECOMMENDATION0F - 3